NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| PETER HILBURN and FELICIA RYAN, | : | |
| | : | **OPINION** |
| Plaintiffs, | : | |
| | : | Civil Action No. 07-CV-5211 (DMC) |
| v. | : | |
| | : | |
| BAYONNE PARKING AUTHORITY; JOSEPH DORIA, individually and in his official capacities; THE CITY OF BAYONNE, a Municipal Corporation; PETER CRESCI, individually and in his official capacities as Chairman of the Bayonne Parking Authority; MICHAEL PIERSON; KATHY LORE; and BAYONNE PARKING AUTHORITY (BPA) Commissioners 1-10, individually and in their official capacities, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants Michael Pierson ("Pierson") and Peter Cresci ("Cresci") and Plaintiffs Peter Hilburn and Felicia Ryan ("Plaintiffs") for reconsideration of the Court's January 30, 2009 Opinion and Order. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that the parties' motions for reconsideration are denied.

**I.   STANDARD OF REVIEW**

Motions for reconsideration are governed by Local Civil Rule 7.1(i). See United States v.

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Under Rule 7.1(i), a movant must submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Such relief is "an extraordinary remedy" to be granted "sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

**II.    DISCUSSION**

   A.    Pierson's Motion

Pierson argues that the Court should reconsider its decision upholding the New Jersey Conscientious Employee Protection Act ("CEPA") claim against him because the Court "overlooked" the fact that he is immune from suit under federal common law and Sections 59:3-2 and 59:3-3(a) of the New Jersey Tort Claims Act ("TCA").  Pierson is incorrect.  Because Plaintiffs' CEPA claim is a state claim over which this Court has only supplemental jurisdiction, legislative immunity under federal common law is inapplicable.  See Simmons v. City of Philadelphia, 947 F.2d 1042, 1085 (3d Cir. 1991).  Nor is Pierson correct to base his immunity claim on the TCA.  Pierson cites no cases, and the Court is aware of none, in which TCA immunity has been applied to a CEPA claim.  Because courts have recognized fundamental differences between the two statutes, see Gares v. Willingboro Twp., 90 F.3d 720, 727–30 (3d Cir. 1996), the Court finds that TCA immunity cannot be applied to bar suit under CEPA.

Accordingly, because neither federal common law nor TCA immunity shield Pierson from liability under CEPA, and because the Court is aware of no other basis for granting Pierson immunity, his motion for reconsideration is denied.

      B.      <u>Cresci's Motion</u>

Cresci argues that the Court should reconsider its decision upholding the federal and CEPA claims against him because the decision is allegedly based on five "factual errors." Admittedly, the Court transposed the names of the moving parties in introductory paragraphs on pages 4 and 7 of the Opinion, erroneously stating that Coviello and Pierson sought sanctions instead of Cresci, and that Cresci moved to strike instead of Pierson. These errors are entirely harmless, however, because the Court correctly identified the movants in summary paragraphs on pages 1, 2, 26 and 27, and, more importantly, the Court properly analyzed the motions for sanctions and to strike with respect to the correct parties in their respective sections on pages 26 and 27.

Additionally, it appears that the remaining alleged "factual errors" are not errors at all. Courts considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff. <u>See</u> <u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998). Cresci argues that the Court made "obvious factual errors" in stating that he was a policymaker for the BPA and that he told Plaintiffs that they were "probably going to lose their

3

jobs" because of their whistle-blowing activities.[1] Each of these allegations, however, are taken directly from the Amended Complaint at paragraphs 82, 86, 97 and 155, and the Court is required at this stage to accept them as true.

Accepting the allegations in the Amended Complaint as true, Cresci's remaining arguments are rejected. Cresci's argument that the federal claims should be dismissed because co-workers cannot be liable under Section 1983 is inapplicable because Cresci is alleged to be not merely a co-worker but rather a policymaker of the BPA.[2] Similarly, his argument that CEPA liability should not attach because he was neither an employer nor supervisor is rejected because, again, he is alleged to be not just an employee but a policymaker of the BPA. See Palladino ex rel United States v. VNA of S. N.J., Inc., 68 F. Supp. 2d 455, 474 (D.N.J. 1999) (finding that "CEPA creates individual liability for agents of the employer, including supervisory employees who act with the authorization of the employer"). Finally, Cresci's argument that he is "fully immune" from CEPA liability under Section 59:3-2 of the TCA has already been rejected by the Court because TCA immunity does not apply to CEPA. See, e.g., Gares, 90 F.3d at 727–30.

---

[1]Cresci also complains that the Court erroneously referred to him as a BPA commissioner. While the Court may have been incorrect to refer to him as an actual "commissioner," it is nonetheless true that he is alleged to be a policymaker of the BPA, leaving the legal analysis the same as if he were a commissioner. Accordingly, any error in terminology is harmless and fails to further his argument for reconsideration.

[2]Nor, as an alleged BPA policymaker, is Cresci protected by federal legislative immunity. Unlike Defendants Pierson and Coviello, Cresci is specifically alleged to have threatened Plaintiffs will the loss of their jobs prior to their actual termination. See Carver v. Foerster, 102 F.3d 96, 102 (3d Cir. 1996) (finding that a county commissioner was not absolutely immune in a Section 1983 action for his alleged "harassment, threats, and retaliation" designed to persuade county department heads to fire the plaintiffs from their jobs even though those acts preceded his legislative act of voting as a member of the county salary board to ultimately eliminate plaintiffs' positions).

Accordingly, Cresci's motion for reconsideration is denied.

  C.  <u>Plaintiffs' Motion</u>

Plaintiffs argue that the Court made a "clear error of law" in finding that Plaintiffs' common laws claims were waived, at least in part, by the CEPA claim. CEPA contains a waiver provision providing that certain state law claims are waived upon the "institution of an action" under CEPA. <u>See</u> N.J.S.A. 34:19-8. Relying on decisions of the New Jersey Supreme Court in <u>Young v. Schering Corp.</u>, 141 N.J. 16 (1995) and <u>Ballinger v. Del. River Port Auth.</u>, 172 N.J. 586 (2002), Plaintiffs argue that the Court should not have invoked CEPA's wavier provision at this stage of the litigation because the "institution of an action" does not occur until after discovery has been completed. Plaintiffs are wrong.

As an initial matter, the Court notes that, despite Plaintiffs argument to the contrary, the New Jersey Supreme Court has not ruled on this issue. In <u>Young</u>, for example, the Court merely speculated that "'institution of an action' may be susceptible of meaning something other than filing of a complaint," and that it "could conceivably contemplate an election of remedies . . . in which the election is not considered to have been made until discovery is complete or the time of a pretrial conference." <u>Young</u>, 141 N.J. at 32. The Court in <u>Young</u> emphasized, however, that "[t]hose and other significant questions are not decided in this case." <u>Id.</u> at 33. Similarly, the Court in <u>Ballinger</u> held only that an ineffective attempt to bring a CEPA claim, such as where the claim is barred by the statute of limitations, does not constitute a waiver of related claims. <u>Ballinger</u>, 172 N.J. at 602. The Court said nothing, however, about the applicability of the waiver provision where a valid CEPA claim exists, or, for that matter, the timing of electing remedies

under such circumstances.

Because New Jersey courts have provided no direction on this issue, the Court must instead look to the language of the waiver provision itself to answer the timing question.  The language of the provision appears clear and unambiguous: "the institution of an action in accordance with this act shall be deemed a waiver . . . ."  See N.J.S.A. 34:19-8.  The Court agrees with the other federal courts to address this matter in finding that an action is "instituted" when a claim is filed.  See Hornung v. Weyerhaeuser Co., Inc., 2007 WL 2769646, *6 (D.N.J. Sept. 21, 2007) ("an action is 'instituted' when a claim is filed"); Palladino, 68 F. Supp. 2d at 470 (a plaintiff effects a waiver "by filing a claim under CEPA"); see also McNeil v. United States, 508 U.S. 106, 122 (1993) ("the normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence'").  Additionally, the Court notes that the term "institute" also appears in the statute of limitations section of CEPA, where it clearly references the filing of a claim: "Upon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action."  See N.J.S.A. 34:19-5; see also Perez v. Pantasote, Inc., 95 N.J. 105, 116 (1984) (recognizing the "general rule that a word or phrase should have the same meaning throughout the statute in the absence of a clear indication to the contrary").  Accordingly, because the clear and unambiguous language of CEPA supports the interpretation that an action is "instituted" upon filing, and because New Jersey courts have provided no authority to the contrary, the Court finds that Plaintiffs waived their CEPA-related claims upon filing their CEPA claim.

Furthermore, Plaintiffs' remaining arguments that their Fourteenth Amendment claims

should not have been dismissed because Plaintiff Ryan alleged a property interest in continued employment, and that Defendants Coviello and Pierson should not have been immune from liability under 42 U.S.C. § 1983 because they acted outside of the scope of their "legitimate legislative activity," were already considered and correctly addressed in this Court's January 30, 2009 decision.[3]  Accordingly, Plaintiffs' motion for reconsideration on those grounds is also denied.

### III.   CONCLUSION

For the reasons stated, it is the finding of this Court that the parties' motions for reconsideration are **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        March  19 , 2009
Orig.:        Clerk
cc:            All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File

---

[3] While the Court did consider whether Plaintiffs had alleged a property interest in continued employment in its original decision, the Court nonetheless notes that Plaintiffs did not raise or discuss this issue at all in their briefing.