NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER HILBURN and FELICIA RYAN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 07-CV-5211 |
| BAYONNE PARKING AUTHORITY; JOSEPH DORIA, individually and in his official capacities; THE CITY OF BAYONNE, a Municipal Corporation; PETER CRESCI, individually and in his official capacities as Chairman of the Bayonne Parking Authority; MICHAEL PIERSON; KATHY LORE; and BAYONNE PARKING AUTHORITY (BPA) Commissioners 1-10, individually and in their official capacities, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Peter Hillburn ("Hillburn") and Felicia Ryan ("Ryan") (collectively, "Plaintiffs") to amend their Complaint to add a claim or spoilation against City of Bayonne ("City"), and motion to strike the pleadings of City and Joseph Doria ("Doria") (collectively, "Defendants"), or alternately to continue discovery. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, the decision of this Court upon each of these motions is set forth for the reasons herein expressed separately below.

I.  **BACKGROUND**[1]

    A.  <u>Factual History</u>

Plaintiff Felicia Ryan ("Ryan") was hired by the BPA as Executive Secretary in January 2001. Plaintiff Peter Hilburn ("Hilburn," and collectively with Ryan, "Plaintiffs") was hired by the BPA as Executive Director in September 2006. Collectively, Plaintiffs and Defendant Kathy Lore ("Lore") comprised the BPA Executive Department, each of whom were at-will employees with no contractual right to employment.

Plaintiffs allege that between September 2006 and March 2007, members of the BPA and City of Bayonne were engaging in criminal and suspicious activities. Hilburn first became suspicious when someone asked him to sign a check for a Christmas party without any explanatory documentation. Hilburn was also displeased because the BPA Commissioners took trips and billed them to the BPA. Hilburn thereafter instituted a policy forbidding such practices. When Hilburn voiced his concerns to Mayor Joseph Doria ("Mayor Doria"), he claims Mayor Doria told him to "let it be."

Ryan became concerned when she found an envelope with three parking tickets and a "thank you" note from Pierson while retrieving payroll records from Lore's filing cabinet, leading her to believe that Lore was illegally fixing tickets. Her concern grew upon finding un-deposited cash in Lore's filing cabinet. Hilburn allegedly witnessed Lore failing to report, record or deposit cash from meter bags. Hilburn also suspected that his signature was being forged by

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

someone at the BPA, possibly Lore.

Between March and May 2007, Hilburn voiced his concerns to several individuals, including Mayor Doria, Cresci, Coviello, Bayonne Corporation Counsel and the Bayonne Court Administrator. Finding their response inadequate, Hilburn contacted the New Jersey Attorney General ("Attorney General") and became an informant for the Attorney General's office.

In May 2007, the Attorney General served the BPA with the first of two subpoenas. Plaintiffs allege that Coviello shredded the subpoenas due to concerns that news of the subpoenas would be leaked. Mayor Doria allegedly then told Hilburn that, "if you had anything to do with this, you f***ed me and you f***ed yourself."

On July 16, 2007, the BPA terminated Plaintiffs and Lore. Ryan was told that the BPA was eliminating both her position and the BPA's executive branch and that she would not be transferred to another department. Cresci informed the media that the terminations were part of a departmental reorganization to stimulate strategic improvements. Plaintiffs dispute this reasoning, however, and instead assert that their terminations were in retaliation for their whistle-blowing activities.

    B.    <u>Procedural History</u>

Plaintiffs filed a notice of tort claim pursuant to N.J.S.A. § 59.1-1 on August 2, 2007. The initial Complaint was filed on October 29, 2007. An Amended Complaint was filed on July 17, 2008, alleging nine separate causes of action, including: a civil action for deprivation of rights under 42 U.S.C. § 1983 (count 1); conspiracy to violate federal civil rights under 42 U.S.C. §§ 1983, 1985 and 1986 (count 2); intentional and/or negligent infliction of emotional distress

(count three); negligent hiring / retention (count 4); *respondeat superior* (count 5); violation of the Conscientious Employee Protection Act ("CEPA") (count 6); interference with prospective economic advantage (count 7); violation of the New Jersey Civil Rights Statute (count 8); and wrongful termination (count 9).  For each count, Plaintiffs seek an award of compensatory damages, punitive damages, reinstatement of employment and attorneys' fees.

By Opinions of this Court, dated January 29, 2009 and December 30, 2009, a partial dismissal of Plaintiffs' Amended Complaint was granted to moving Defendants.  On March 31, 2009, Judge Falk entered a Pre-Trial Scheduling Order which provided that all motions to amend must be filed by May 1, 2009 and discovery was to remain open through November 1, 2009.  During a February 4, 2010 status conference, Judge Falk denied Plaintiffs' request to extend the discovery period.  On July 15, 2010, Plaintiffs filed their second motion to amend their complaint to add a claim of spoilation of evidence.  Per correspondence filed with the Court by Defendants City of Bayonne and Joseph Doria, the parties agreed to push back the return date pending Plaintiffs in person review of documents.  On August 25, 2010, Plaintiffs filed a motion to strike Defendants' pleadings, or alternately for a continuance of discovery.  At a Settlement Conference on January 5, 2011, Plaintiffs settled with all Defendants except City of Bayonne and Joseph Doria.

**II.**     **MOTION TO AMEND**

Plaintiffs seek to amend their Complaint to include a claim of spoilation of evidence

4

against City of Bayonne.[2]

Fed. R. Civ. P. 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

"Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend." Kanter v. Barella, 489 F.3d 170, 181 (3d. Cir. 2007). "Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." Harrison Beverage Co. v. Dribeck Importers, 133 F.R.D. 463, 468 (D.N.J. 1990). The Court may deny leave to amend when "the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face." Id. (internal citations

---

[2] At the outset, the Court notes that it is difficult to ascertain from Plaintiffs' moving papers at whom the claim of spoilation of evidence is directed. Plaintiffs state they are seeking to amend their Complaint "against Defendant Bayonne Parking Authority's (BPA) and other named Defendants." Pl. Brief at 2. Throughout, Plaintiffs' Brief in support of their motion, Plaintiffs refer to "Defendant" and "Defendants" without reference to which specific Defendant she is alleging engaged in spoilation of evidence. However, in Plaintiffs' Reply Brief, Plaintiffs' state "the claim of Spoilation of Evidence is specifically directed against Defendants Bayonne Parking Authority and City of Bayonne." Pl. Reply Brief at 15. Since Plaintiffs and Bayonne Parking Authority have settled, this Court only addresses the motion as to City of Bayonne.

omitted). "With respect to a proposed amended complaint, '[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.'" Id. (citing Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)); see also Parker v. Google, Inc., 242 Fed. Appx. 833, 839 (3d Cir. 2007) (affirming denial of motion for leave to amend because the proposed amendment failed to state a claim upon which relief could be granted); Kanter, 489 F.3d at 180 (upholding denial of leave to amend plaintiff's complaint when the amended pleading asserted "conclusory allegations insufficient to satisfy the ... requirements."). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Id. (internal citations omitted). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." Harrison Beverage Co., 133 F.R.D. at 469.

This Court finds Plaintiffs' proposed amendment is futile based on Plaintiffs' failure to comply with the New Jersey Torts Claims Act, N.J.S.A. § 59:8-1 *et. seq.* ("NJTCA").[3] Under the NJTCA, a plaintiff must file a notice of claim against a public entity[4] within ninety days after the

---

[3] Since this Court finds the proposed amendment is futile on the grounds of the NJTCA, it need not address other grounds for finding futility. However, this Court notes that Plaintiffs' motion for leave to amend is based on vague, conclusory, and unsupported allegations that are not "sufficiently well-grounded in fact or law."

[4] "'Public entity' includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." N.J.S.A. § 59:1-3.

accrual of the cause of action.  Id. at § 59:8-8.  A cause of action accrues at the time the alleged injury occurs.  See Muhammad v. New Jersey Dept. of Corr., 2007 WL 2318480, *4 (D.N.J. Aug. 9, 2007).  This notice requirement applies to intentional tort claims.  See id.; Velez v. City of New Jersey, 180 N.J. 284, 296 (2004).  Spoilation of evidence is a tort covered under the NJTCA.  See e.g., Rosenblitt v. Zimmerman, 166 N.J. 391, 402-03 (2001). "The claimant shall be forever barred from recovering against a public entity or public employee if: (a) [h]e failed to file his claim with the public entity within 90 days of accrual of his claim." N.J.S.A. § 59:8-8.  When a plaintiff fails to file the requisite notice in accordance with the NJTCA, dismissal is appropriate.  See e.g., Middleton v. City of Bayonne, 2008 WL 1924875, *5 (D.N.J. Apr. 29, 2008).

Here, Plaintiffs contend that they received the allegedly improper discovery, which was allegedly altered, on January 23, 2010.  There is nothing in the record indicating that Plaintiffs filed notice of their claim of spoilation of evidence against City of Bayonne within ninety days, as required under NJTCA.[5]  Since more than ninety days have passed since the alleged injury, Plaintiffs claim for spoilation of evidence must fail as a matter of law, and therefore Plaintiffs

---

[5]Since it was initially unclear who the Plaintiffs sought to file the claim of spoilation of evidence against, several Defendants, including Defendant Pierson filed a Brief in Opposition. Defendant Pierson raised the issue of Plaintiffs' failure to abide by the NJTCA.  City of Bayonne adopted the briefs filed by its Co-Defendants by way of letter (ECF No. 168).  In their Reply Brief, Plaintiffs only response to Pierson's argument regarding failure to file the requisite notice under the NJTCA, is that the proposed claim of spoilation of evidence is specifically against Defendants Bayonne Parking Authority and City of Bayonne.

motion for leave to amend must be **denied.**[6]

## II.     MOTION TO STRIKE, OR, IN THE ALTERNATIVE, TO CONTINUE DISCOVERY

Plaintiffs move to strike Defendants' pleadings for "failure to produce witness and documents for deposition and review." Pl. Br. p. 9.

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so on its own or "on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Motions to strike are not favored, however, and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." 5A Wright & Miller, Federal Practice and Procedure: Civil 2d §1382.

At the outset, this Court notes that with regard to Defendants' failure to produce witnesses, Plaintiffs reference Defendants in general terms; the only Defendant who is specifically referenced is Kathy Lore. It is unclear if Plaintiffs are alleging Defendants City of Bayonne and Joseph Doria failed to produce witnesses for deposition. However, in response, Defendants note that Plaintiffs attempted to depose Defendant Joseph Doria, but that the deposition needed to be rescheduled and Plaintiffs did not move for relief from the Court or press

---

[6]This Court notes that although Plaintiffs' motion to amend their Complaint to include a claim of spoilation of evidence must be denied as a procedural matter, Plaintiffs are not left without any recourse for the alleged spoilation. For example, assuming Plaintiffs' Complaint survives Defendants' pending motion for summary judgment, Plaintiffs could seek an adverse inference instruction with regard to the alleged spoilation of evidence.

to complete Defendant Doria's deposition prior to the close of discovery.  Defendant City of Bayonne also notes that it offered the depositions of two city employees familiar with the process used for dismissal of tickets, but Plaintiffs did not avail themselves of this option.

Plaintiffs allege that the discovery provided by Defendants is incomplete and has been altered in a way to prevent Plaintiffs from uncovering evidence supporting Plaintiffs claims.  These allegations are generally conclusory and vague, and Plaintiffs provide few specifics as to how, and/or why, Plaintiffs believe the documents were altered.  In Plaintiffs' reply brief, Plaintiffs allegations of altered and/or incomplete discovery is somewhat more specific, but, with the exception of the 2005 parking tickets discussed below, the more specific allegations pertain to discovery produced by Bayonne Parking Authority, not Defendants City of Bayonne or Joseph Doria.

With regard to the 2005 parking tickets that were destroyed by the City of Bayonne in April 2009, there is a dispute as to when Plaintiffs first requested these tickets and whether Defendants were on notice that the 2005 tickets must be preserved.  This Court notes the both the Plaintiffs and the Defendants have submitted copies of what purports to be Plaintiffs' December 8, 2008 Notice to Produce ("December 8th Notice").  Although one would expect that the December 8th Notice submitted by the Plaintiffs would be identical to the copy submitted by the Defendants, but that is far from the case here.  The version submitted by the Plaintiffs indicate it was sent to John Coffey in Bayonne Law Department, and requests several documents from 2005, specifically: copies of all contracts, board minutes and bids approved by the Bayonne City Council; copy of City Council minutes; copies of checks, payments, and/or invoices to or from

9

the Bayonne Parking Authority; and quarterly reports and budgets. The version submitted by the Defendants indicate it was sent to John Coffey in Bayonne Law Department, along with several other Defendants, and, with the exception of a request for quarterly reports from January 2005 to January 2008, the only requests for materials from specific dates pertain to 2006. The version submitted by Defendants is missing at least one page as it ends with paragraph five on the bottom of first page and starts with paragraph eighteen on the second page. The Court notes that in addition to the references to 2005 in Plaintiffs' version and the relative lack thereof in Defendants' version, there are also substantial differences in the content of the requests of the two December 8th Notices submitted. It is entirely unclear which copy accurately reflects the December 8th Notice that Plaintiffs actually served on Defendants.

Based on the conflicting versions of the December 8th Notice, and the fact that Plaintiffs cause of action stems from his employment with the Bayonne Parking Authority which began in 2006, it is unclear whether Defendants should have been on notice that the 2005 parking tickets must be preserved, and Defendants therefore engaged in the spoilation of evidence, or whether it was acceptable for Defendants to destroy the 2005 parking tickets in the ordinary course of business because Defendants were never put on notice.

Accordingly, this Court has not been presented with sufficient evidence to justify granting Plaintiffs' motion to strike, and therefore that motion is **denied**.

In the alternative, Plaintiffs move for a continuance of discovery pursuant to Fed. R. Civ.

Proc. P. 56(d),[7] which provides "[i]f a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court *may*: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." (emphasis added). "[T]he party requesting a continuance must first demonstrate how that discovery will create a genuine issue of material fact." Interstate Outdoor Advertising v. Zoning Bd. of Tp. Of Cherry Hill, 672 F.Supp.2d 675, 677 (D.N.J. 2009). The Third Circuit has interpreted this rule as "imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Dowling v. City of Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988).

This Court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Id. at 139. Here, the parties have engaged in extensive discovery. There is no question Plaintiffs have had an adequate opportunity to obtain discovery. Plaintiffs now seek to re-open discovery based on their conclusory and unsubstantiated allegations that Defendants have altered evidence such that it "*appears*" discovery is "incomplete and purposefully altered and misrepresented." Beyond their conclusory allegations that the Defendants are withholding and/or altering evidence that would prove their claims, Plaintiffs

---

[7] Prior to the 2009 amendments to the Federal Rules of Civil Procedure, Rule 56(f) dealt with continuance of discovery in response to summary judgment motions. In the 2009 amendments this provision was moved to subdivision (d), but "subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56, cmt.

11

have not demonstrated how additional discovery would create a genuine issue of material fact. Additionally, Defendants have already informed Plaintiffs that the documents that have been requested but have not been produced, for example daily or monthly reports showing dismissed tickets, do not exist. Plaintiffs have not demonstrated a continuance of discover is warranted, and this Court is not inclined to re-open discovery for a fishing expedition. Accordingly, Plaintiffs' motion is **denied**.

### IV.   CONCLUSION

For the reasons stated, Plaintiffs' motion to amend is **denied**; Plaintiffs' motion to strike is **denied**. An appropriate Order accompanies this Opinion.

S/Dennis M. Cavanuagh<br>Dennis M. Cavanaugh, U.S.D.J.

Date:       March 31, 2011

Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Joseph A. Dickson, U.S.M.J.
            File