NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER HILBURN and FELICIA RYAN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-cv-5211 (DMC)(JAD) |
| BAYONNE PARKING AUTHORITY, et al, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon Plaintiffs' Peter Hilburn and Felicia Ryan (collectively "Plaintiffs") Motion to Stay (ECF No. 266) pending appeal of this Court's September 24, 2012 Opinion, wherein Summary Judgment was granted in favor of Defendants City of Bayonne and Joseph Doria ("Defendants") and Plaintiffs counsel was ordered to pay $4,851.00 in sanctions. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering all submissions, it is the decision of this Court that Plaintiffs' Motion to Stay is **granted** provided Plaintiffs post a bond in the amount of $10,000.00, sufficient to cover the judgment in full, plus costs and interest.

1

## I. BACKGROUND[1]

The Court writes exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, the Court sets forth only the facts alleged in the submissions that are necessary to our analysis. On September 24, 2012, this Court issued an Opinion and Order after Defendants moved for Summary Judgment and Sanctions. (ECF Nos. 257 and 258). This Court ordered Plaintiffs' counsel's to pay $4,851.00 for violation of FED. R. CIV. P. Rule 11 ("Rule 11"). Plaintiffs filed a timely appeal with the Third Circuit Court of Appeals on March 5, 2013. (ECF No. 267). Plaintiffs now move before this Court to stay enforcement of judgment pending the decision of the Court of Appeals. (ECF No. 266).

## II. JURISDICTION

"[T]he timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." In re Advanced Electronics, Inc., 283 Fed. Appx. 959, 963 (3d Cir. 2008) (internal citations omitted). However, during the pendency of an appeal, a District Court "is not divested of jurisdiction to... issue orders regarding the filing of... supersedeas bonds" or issuing a stay. Id.; see also FED. R. APP. P. 8(a)(1)(A)-(B)("[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; [or] (B) approval of a supersedeas bond."). Accordingly, this Court has jurisdiction to decide Plaintiffs' motion, and enter an order staying the judgment and approving a supersedeas bond as it deems appropriate. FED. R. CIV. P.

---

[1] As an initial matter, the Court notes that Plaintiffs' counsel has not met this Court's standards of quality in the submissions to the Court. Plaintiffs' brief is riddled with typographical errors and improper citations. By way of example, on page seven of Plaintiffs' Motion to Stay, Plaintiffs' counsel cites to the Federal Rules of Civil Procedure in five different ways. Additionally, on page three, Plaintiffs' counsel refers to a case without including a citation at all. This type of submission is not at the quality of work that this Court expects.

R 62(d) provides authority for this Court to stay judgment pending appeal to the Third Circuit, thus this Court will evaluate Plaintiffs' motion pursuant to Rule 62(d).

### III. MOTION TO STAY

#### A. Legal Standard

Judgment debtors who are appealing a District Court's decision to a Court of Appeals may move for a stay of a monetary judgment under FED. R. CIV. P. R 62(d). Rule 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . [T]he bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

A party appealing a decision from the District Court "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with FED. R. CIV. P. 62(d)." Pharmacia Corp. V. Motor Carrier Services Corp., No. 04-3724, 2008 WL 852255, at *4 (D.N.J. March 28, 2008). "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." Id. "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." Id. (internal citations omitted). "The amount of the bond - and in fact, whether to require a bond at all - remains within the Court's discretion." Id.

"While the Third Circuit has not spoken on the issue, district courts in this circuit have joined Courts of Appeals of sister circuits in holding that Rule 62(d) does not limit district courts from exercising their discretion to waive the supersedeas bond requirement in certain cases." Church & Dwight Co., Inc. V. Abbott Laboratories, No. 05-2142, 2009 U.S. Dist. LEXIS 64459, at *40 (D.N.J. July 23, 2009) (citing Tomasko v. Ira H. Weinstock, P.C., No. 3:98-cv-1978, 2009

U.S. Dist. LEXIS 17334, at *2 (M.D. Pa. Mar. 6, 2009)). "However, courts have also held that they should *only* exercise this discretion in *exceptional circumstances* and *where there exists an alternative means of securing the judgment creditor's interest*." Id. (emphasis added) (internal citations omitted). To show waiver of bond is appropriate, "it is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." AMG Nat'l Trust Bank, No. 06-4337, 2008 U.S. Dist. LEXIS 44014 at *4.

When determining whether an exceptional circumstance exists, the courts are directed to consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that this Court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position." Grant v. Omni Health Care Systems of NJ, Inc., No. 08-306, 2010 U.S. Dist. LEXIS 82963 at *2 (D.N.J. Aug. 13, 2010) (citing Church & Dwight Co., Inc., 2009 U.S. Dist. LEXIS 64459 at *41-42).

**B. Discussion**

Plaintiffs are entitled to a stay of the money judgment pending their appeal of this Court's Opinion and Order. As previously stated, pursuant to FED. R. CIV. P. 62(d), Plaintiffs are entitled to a stay pending appeal as a matter of right, provided they post a supersedeas bond. FED. R. CIV. P. 62(d); Pharmacia, 2008 WL 852255 at *4.

Plaintiffs are also seeking a waiver of the supersedeas bond requirement. Defendants did not submit an opposition. As noted above, this Court has discretion to waive the bond

requirement provided Plaintiffs demonstrate exceptional circumstances and that an alternative means of securing the judgment exists. In determining whether to waive Plaintiffs' supersedeas bond requirement, this Court will rely on the five factors set forth in Church & Dwight Co., Inc. and Grant as stated above.

Plaintiffs cite to no law supporting granting the Motion to Stay in absence of a bond. Because Plaintiffs did not specifically address the factors relevant to determining whether the bond should be waived, this Court is left to guess as to whether the factors are satisfied. Plaintiffs failed to demonstrate *why* a bond would be impractical or impossible, particularly since a supersedeas bond may be "in the form of cash, property, or surety bond." AMG Nat'l Trust Bank, 2008 U.S. Dist. LEXIS 44014 at *4. Plaintiffs have also failed to address whether an alternative means for securing the judgment exists, or even argued that the bond requirement is impossible or impracticable.[2] Based on the foregoing, this Court finds Plaintiffs have failed to demonstrate exceptional circumstances and that an alternative means of securing the judgment exists to justify waiving the bond requirement. Thus, a supersedeas bond is required to stay this judgment pending appeal. The amount of the bond Plaintiffs are ordered to post is $10,000.00, "a sum sufficient to pay the judgment and costs, interest, and damages for delay." Pharmacia, 2008 WL 852255 at *4.

---

[2] The Court also notes that in Plaintiffs' motion, Plaintiffs' counsel repeats facts and allegations, irrelevant to the Motion to Stay, that have already been brought to the Court's attention multiple times. The vast majority of Plaintiffs' brief is dedicated to re-arguing the very issues brought in front of this Court on both Defendants' Motion for Summary Judgment and Sanctions and Plaintiffs' Motion for Reconsideration. Defendants' Motion for Summary Judgment and Sanctions and Plaintiffs' Motion for Reconsideration have already been decided by this Court after careful consideration of the parties' submissions. These arguments are improper in the present Motion and the Court did not consider them in deciding this Motion.

## IV. CONCLUSION

Accordingly, this Court finds that the motion to stay is **granted** provided Plaintiffs post a bond in the amount Plaintiffs were order to pay Defendants in this Court. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:      April 19, 2013
cc:        All Counsel of Record
           Hon. J. A. Dickson, U.S.M.J.
           File